IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


BUDDY D. GREEN                                                                               PLAINTIFF

      v.                    Civil No. 6:11-cv-06044

DETECTIVE ANGELA GRAYBEAL,
Garland County Sherif's Office; and
SHERIFF LARRY SANDERS                                                                DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Buddy D. Green, is currently incarcerated in the Arkansas Department of Correction, East Arkansas Regional Unit. He filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis.* Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to me for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### 1.  Background

According to the allegations of the complaint, Detective Angela Graybeal in an affidavit or sworn statement asserted that Plaintiff went to the Arkansas Social Security Administration on October 25, 2005, and filled out an application in an attempt to get a social security card in the name of Scott O. Cooper.

Plaintiff maintains he can provide proof that on October 25, 2005, he was in St. Louis, Missouri, with his attorney's assistant. Plaintiff maintains Detective Graybeal committed perjury. Plaintiff is currently serving a term of imprisonment for financial identify fraud arising out of a Garland County criminal case, No. 2006-554.

As relief, Plaintiff asks that Detective Graybeal be charged with perjury and removed from her job. He also requests an award of monetary damages.

**2. Discussion**

This case is subject to dismissal. First, to the extent Plaintiff's claims can be said to be unrelated to his criminal conviction, the claims are barred by the statute of limitations. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case); *see also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case). In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases). Thus, any claims based on events that occurred in 2005, would be barred by the statute of limitations.

Second, to the extent Plaintiff's claims are based on the alleged use of a perjured statement to obtain a criminal conviction, the claims are not presently cognizable. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.  Plaintiff's conviction has not been reversed, set aside, or otherwise held to be invalid.  *Heck* therefore bars his claim.

Third, a private citizen has no right to institute criminal prosecution.  *See Diamond v. Charles,* 476 U.S. 54, 64-65 (1986); *In re Kaminski,* 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989).

Fourth, Plaintiff has not asserted any factual allegations against Sheriff Sanders.  In fact, other than naming him as a Defendant, Sheriff Sanders is not mentioned anywhere else in the complaint.  "In the section 1983 context, supervisor liability is limited.  A supervisor cannot be held liable, on a theory of respondeat superior, for an employee's unconstitutional actions." *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).  Instead, a supervisor is liable only if he directly participates in the violation or if his failure to train or supervise caused the violation.  *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001); *Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997).  To be held liable for a failure to train or supervise, it must be shown that the supervisor had notice that the training procedures or supervision were inadequate and the inadequacy would likely cause a constitutional violation.  *Tlamka*, 244 F.3d at 635.  The complaint is wholly lacking in any allegations suggesting a basis for Sheriff Sanders to be held liable in his supervisory capacity.

### 3. Conclusion

For the reasons stated, I recommend that this case be dismissed without prejudice as the claims are barred by the statute of limitations, frivolous, or are not presently cognizable under §

1983.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED  this 20th day of September 2011.

                                                          /s/ Barry A. Bryant
                                                          HON. BARRY A. BRYANT
                                                          UNITED STATES MAGISTRATE JUDGE